SELDIN v. BLOCK et al.

(Supreme Court, Appellate Term, First Department. December 14, 1914.)

COURTS (§ 188*)—CITY COURT—JURISDICTION—EQUITABLE ACTIONS.

A contract by which plaintiff was employed for a specified salary and a specified percentage of the net profits of the department, for which he was to act as salesman and buyer, was not a partnership contract, and though the proving of his case might necessitate the giving of proof as to a number of items, an action for wrongful discharge was not an action in equity, and it was error to dismiss the action on the ground that the City Court of New York had no jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from City Court of New York, Trial Term.

Action by Bernard L. Seldin against Isaac Block and another, doing business as Block & Kasdan. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1914, before GUY, PAGE, and BIJUR, JJ.

Alexander Kahn, of New York City, for appellant.
Goodman Block, of New York City, for respondents.

GUY, J. The complaint is for breach of contract of employment. Plaintiff alleges that he was employed by the defendants for the sum of $520 per annum and 33⅓ per cent. of the net profits of the department, for which he was to act as salesman and buyer. The answer admits the making of an agreement in writing with the plaintiff, but denies that the agreement was as alleged in the complaint, denies performance by plaintiff and wrongful discharge by the defendants, and alleges that plaintiff "voluntarily left the defendants' service, and. thereafter refused to render service as such salesman and buyer."

On the opening of the case, defendants' counsel moved to dismiss the complaint "on the ground that the court has no jurisdiction of the subject-matter of this action. The complaint is based on a contract

which * * * is a partnership agreement and constitutes the parties as partners, so that an equity action is necessary in order to adjust their rights." The motion was granted, and an exception taken by plaintiff.

In dismissing the complaint, the learned court erred. The contract alleged in the complaint is a contract of employment, not one of partnership, and the mere fact that the proving of plaintiff's case might necessitate the giving of proof as to a number of items does not alter the character of the action.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.